E-FILED
Friday, 31 January, 2014  11:39:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HELBERT HUGHES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-1499 |
| CITY OF PEORIA, PEORIA POLICE DEPARTMENT, and SHERIFF DEPARTMENT OF PEORIA, ILLINOIS, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 11) of the Court's previous denials of his request for counsel, and Defendants' Motion to Dismiss (Doc. 8), filed by Defendants City of Peoria and Peoria Police Department. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied, and the Motion to Dismiss is granted. The Court also screens the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) and finds that although Defendant Sheriff Department of Peoria did not move to dismiss and has not yet appeared, the claims against it must also be dismissed. Plaintiff is granted leave to file an amended complaint.

### MOTION FOR RECONSIDERATION

Plaintiff filed a motion explaining he did not understand why his previous requests for counsel were denied, and seeking reconsideration of those denials. Though the Court is sympathetic to the fact that Plaintiff lacks legal expertise, the Court will not request counsel to represent Plaintiff.

As Judge Cudmore previously noted in explaining the Court's denials of Plaintiff's previous requests for counsel, civil litigants are not entitled to court-appointed attorneys. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant in some circumstances. 28 U.S.C. § 1915(e)(1). Before the Court will recruit counsel, the litigant must first show that he made a reasonable attempt to acquire counsel without court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If the litigant has made an adequate attempt, the Court then considers whether, "given the difficulty of the case," he appears able to litigate it himself. *Id.* at 654. Further, once counsel is denied, the Court is under no obligation to reconsider the decision as the case develops. *Id.* at 658.

Plaintiff has made the threshold requirement of showing that he contacted attorneys in a reasonable attempt to acquire counsel himself, though not within any of his motions requesting counsel. (Doc. 1-1 at 1). Thus, the relevant inquiry is whether Plaintiff appears competent to litigate the case, considering Plaintiff's abilities and the difficulty of the case. At the time of the denial of Plaintiff's initial request for counsel, he appeared competent to litigate his straightforward claims of police misconduct. Plaintiff does appear to have some difficulties with written communication, but he did not at the time of his initial request for counsel, and does not now, show anything that would prevent him from adequately litigating his claims. The form complaint is adequately filled in, and the attachments, though not in proper form if they were intended to state separate claims, do not show any inability to set forth a plain statement of his claims. Simply because he does not

have legal knowledge, or because a lawyer might do better, does not mean the Court must recruit counsel. *See Pruitt*, 503 F.3d at 655. The Court declines to exercise its discretion to reconsider the denial of counsel.

## MOTION TO DISMISS

### I. *Legal Standards*

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

### II. *Factual Background*

Plaintiff, in a standard form complaint for civil rights claims, alleges against the City of Peoria that "He[1] grabbed [Plaintiff] in a [choke] hold and tried to throw

---

[1] It is unclear who "he" is, but Plaintiff may be referring to a specific officer.

3

[him] down on the ground." (Doc. 1 at 2). He gives a date of February 19, 2005, for the incident, and alleges Defendants violated his rights by using excessive force. (Doc. 1 at 5). He also attaches a narrative that details numerous allegations of misconduct during traffic stops and when issuing citations and towing his vehicles, and appears to allege malicious prosecution. (Doc. 1-1).

Defendants moved to dismiss Plaintiff's Complaint on four grounds: the claims are barred by res judicata, malicious prosecution claims are not cognizable under 42 U.S.C. § 1983, the statute of limitations has run, and the Police Department is not an entity that can be sued.

### III. Discussion

Taking Defendants' fourth and simplest ground first, it is clear that Defendant Peoria Police Department must be dismissed, as it is an improper party. In Illinois, police departments do not have a legal existence separate from their municipalities, and so cannot be sued under § 1983. *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); *see also* 65 Ill. Comp. Stat. 5/11-1-1. Because a police department is part of the municipality, any claims stated against the Peoria Police Department are more properly stated against the City of Peoria.

Moving to Defendants' first ground, res judicata, the Court finds that there is some precluded overlap in claims between this case and previous litigation between the parties, but many of Plaintiff's allegations are unrelated to the claims in the previous case and thus are not precluded. The preclusive effect of a prior judgment by a federal court with federal question jurisdiction is governed by federal common law principles. *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). As an initial

matter, it is unclear from the scant one paragraph of briefing on this issue whether Defendants argue Plaintiff is barred by claim preclusion or issue preclusion, which are distinct but related principles to which the term "res judicata" has been applied. Claim preclusion bars relitigation of the same claim that was raised in an earlier suit, while issue preclusion bars relitigation of the same issue of fact or law. *See id.*

Defendants argue the claims or issues raised in the present case have already been decided in case number 10-cv-1390 in this district. In this previous case, Plaintiff alleged against the same defendants a claim of malicious prosecution, and in support of this claim listed an incident when money was taken from him in 2004, two citations for no insurance, and then lists other cases or charges that he felt were wrongful, the vast majority being from the 1980s. (10-cv-1390, Doc. 1). He made no mention of any excessive force. His malicious prosecution claim was dismissed as untimely and because malicious prosecution can only be raised as a state law claim under Illinois law. (10-cv-1390, Doc. 23). Some of the charges referred to in the previous complaint are cited again in the present Complaint, (*see* Doc. 1 at 13-14). To the extent Plaintiff presently attempts to raise the claim that he was maliciously prosecuted in the cases he listed in his complaint in the previous litigation, that claim is barred by claim preclusion because it was previously decided by the final judgment of that court.[2] In plainer language, Plaintiff cannot state the same claim in this case that he already stated in the previous case. However, allegations that were not raised in the complaint in case number 10-cv-1390 are not barred by preclusion principles, including his primary claim of excessive force.

---

[2] These claims would also be time-barred, as the court found in the previous case.

5

Defendants also argue malicious prosecution is not cognizable under 42 U.S.C. § 1983, under which Plaintiff proceeds.[3] Because there is an adequate state law remedy for the tort of malicious prosecution in Illinois, a party cannot raise such a claim under 42 U.S.C. § 1983. *See Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). Thus, there is no federal law malicious prosecution claim, and to the extent Plaintiff alleges a malicious prosecution claim against Defendants under 42 U.S.C. § 1983 in the present Complaint, it is dismissed. Even interpreted as a state law claim and assuming it were properly in federal court, it would still be inadequately stated in violation of Rule 8 of the Federal Rules of Civil Procedure and can be dismissed on that basis, as it does not plainly state the basic factual information that could support the claim.

Defendants also argue Plaintiff's claims are barred by the statute of limitations. The statute of limitations for his § 1983 claims, arising out of conduct in Illinois, is two years. *See, e.g.*, *Kelly v. City of Chicago*, 4 F.3d 509, 510 (7th Cir. 1993). The event underlying Plaintiff's primary claim, that he was subjected to excessive force by use of a choke hold, took place on February 19, 2005. (Doc. 1 at 5). There is no indication of any basis for a later accrual of Plaintiff's claim or any tolling that would allow him to raise his claim this long after the incident. Thus, his claim based on the alleged incident in February 2005 is time-barred and is dismissed with prejudice.

---

[3] The form complaint is for civil rights claims under § 1983. Plaintiff could potentially have a state law malicious prosecution claim. However, if that were to be Plaintiff's only claim, he is not properly in federal court, as at the time of filing this case, all the parties were domiciled in Illinois, and the Court cannot discern any other basis for federal jurisdiction over that claim.

Plaintiff argues in the attachment to his Complaint, perhaps anticipating the timeliness problem, that the statute of limitations does not bar claims of continuing conduct. (Doc. 1-1 at 1). He states this in the context of his complaint of numerous vehicles being taken away from him and repeated traffic citations, which he alleges went on for forty to fifty years. (Doc. 1-1 at 1). Where there is a continuing violation, it is possible for a plaintiff to obtain relief even if some of the conduct occurred outside of the statute of limitations. *See Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). However, there is nothing in the Complaint or attached documents to indicate the excessive force was anything more than a one-time incident, and it occurred more than eight years before the Complaint was filed. Thus, Plaintiff's continuing conduct argument does not apply and his excessive force claim is dismissed. To the extent the continuing conduct is the alleged malicious prosecution, that claim is dismissed for other reasons, as noted above.

In conclusion, Defendants' Motion to Dismiss is granted. Defendant Peoria Police Department is dismissed. Plaintiff's excessive force claim is dismissed with prejudice as barred by the statute of limitations, and all other claims against Defendant City of Peoria are dismissed with leave to re-plead, consistent with the discussion of pleading requirements in this Order.

## MERIT REVIEW

Although Defendant Sheriff Department of Peoria has not appeared or moved to dismiss the Complaint, the claims against it must also be dismissed. Because the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court has an obligation to dismiss the case if it determines the action is

frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

If the claims of excessive force or malicious prosecution are intended to be raised against the Sheriff's Department, they must be dismissed for the same reasons they are dismissed against the other Defendants. In addition to the grounds for dismissal discussed above, construing Plaintiff's pro se Complaint liberally, the Court is unable to discern any factual basis for any other plausible claim against any of the Defendants. As noted above, under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There must also be sufficient detail to give the defendants notice of the claims. Simply listing cases and citations that have been filed against Plaintiff or stating a conclusion that he was maliciously prosecuted does not give enough detail or explanation of his claims.

Further, even if the claims had been adequately stated, nearly all of the alleged facts that could form the basis of his claims took place many years ago, such that the applicable statute of limitations likely bars Plaintiff's claims. The additional allegations in the attachment to his Complaint detail a history of incidents spanning decades, nearly all of them ten or more years ago. The only incident more recent than 2009 is one narrative of an incident in 2013 when an officer made a traffic stop and towed Plaintiff's car, from Cheona, Illinois, to Pontiac, Illinois. Neither of those towns is near Peoria County; thus, it appears Plaintiff may not intend to bring this claim against the named Defendants. Even if Defendants were somehow involved in this incident, the claim is not adequately

8

stated, as it does not describe which Defendant was allegedly involved nor does it state specifically what the constitutional violation was. Defendants must have adequate notice of the claims stated against them.

Plaintiff is hereby given leave to file an amended complaint within twenty-one days that complies with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, as is his right, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). This pleading, however, should not state any claims against the Peoria Police Department, as that is not a separate entity from the City of Peoria and cannot be sued. Plaintiff also cannot re-raise his excessive force claim based on the February 2005 incident. Further, Plaintiff should review the explanations in this Order, and state only claims that are not barred by the statute of limitations and that were not already raised in his previous case, number 10-cv-1390. He must provide sufficient factual detail to give notice to Defendants of the claims against them and state a plausible claim for relief.

Plaintiff is advised that though his excessive force claim is time-barred and dismissed, it is an adequate example of a statement of a claim. Though some additional details would have been helpful, it gives a date, states which right he felt was violated, and gives a brief description of the specific conduct that he felt violated those rights. If Plaintiff chooses to file an amended complaint, any claims he raises should be in a similar format. Further, if he does not choose to use a form complaint, under Rule 10 of the Federal Rules of Civil Procedure, his amended complaint should be in the format of numbered paragraphs that are each limited to a single set of circumstances.

## CONCLUSION

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Reconsideration (Doc. 11) is DENIED.

2. Defendants City of Peoria and Peoria Police Department's Motion to Dismiss (Doc. 8) is GRANTED. Defendant Peoria Police Department is TERMINATED from this case, but Plaintiff has leave to re-plead claims against Defendant City of Peoria. Plaintiff's claim of excessive force is DISMISSED WITH PREJUDICE. All other claims against Defendant City of Peoria are DISMISSED WITHOUT PREJUDICE.

3. On merit review pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's remaining claims against Defendant Sheriff Department of Peoria County are DISMISSED WITHOUT PREJUDICE, with leave to re-plead.

4. Plaintiff MAY file an Amended Complaint within twenty-one days that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. If he fails to do so, the case will be dismissed in its entirety.

Entered this 31st day of January, 2014.

                                              s/ Joe B. McDade  
                                              JOE BILLY McDADE  
                                       United States Senior District Judge