UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HELBERT HUGHES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-1499 |
| CITY OF PEORIA, PEORIA POLICE DEPARTMENT, and SHERIFF DEPARTMENT OF PEORIA, ILLINOIS, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 18). For the reasons stated below, this Motion is denied.

### PROCEDURAL HISTORY

Plaintiff filed his Complaint pro se on October 22, 2013, stating multiple claims against various defendants. (Doc. 1). Defendants City of Peoria and Peoria Police Department filed a Motion to Dismiss, which resulted in the dismissal of the claim of excessive force with prejudice and all other claims without prejudice. (Doc. 13 at 10). Claims against Defendant Sheriff Department of Peoria County were also dismissed without prejudice. (Doc. 13 at 10). Plaintiff filed an Amended Complaint on April 15, 2014, against only Defendant City of Peoria. (Doc. 17). Defendant filed a Motion to Dismiss for failure to state a plausible claim on May 1, 2014. (Doc. 18).

### LEGAL STANDARDS

In ruling on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "the court must treat all well-pleaded

allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.

Pleading requirements for pro se complaints are less stringent than when construing complaints drafted by lawyers. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). A complaint does not need to state a correct legal theory to withstand a motion to dismiss. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

**FACTUAL BACKGROUND**

Using a standard form complaint for civil rights claims, Plaintiff alleges in his Amended Complaint that the City of Peoria deprived him of his property without due process of law under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution (Doc. 17 at 5). Attached to Plaintiff's

Complaint are three collection notices issued by a debt collector for unpaid fines related to the offenses of obstructing a public way, disorderly conduct, and a violation of a City of Peoria environmental ordinance (Doc. 17 at 8-10).[1] He alleges that he was "never served with a ticket or given a notice to appear in court to defend these charges." (Doc. 17 at 6).

Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff has failed to state a plausible claim. Defendant attaches three exhibits: two Short Form Complaints filed in the Peoria County Circuit Court for obstructing a public way and disorderly conduct, and a Notice of Violation and Hearing for failure to comply with the City of Peoria environmental code. (Doc. 18-1). All three documents contain statements affirmed by signature that suggest service on Plaintiff, and are available to the public on the Peoria County Clerk website.

## DISCUSSION

### I. Matters Outside of the Pleadings

Defendant argues that Plaintiff's Amended Complaint must be dismissed for failure to state a plausible claim pursuant to Rule 12(b)(6) because Plaintiff's assertion that he was not served with notice of the complaints filed against him is "not plausible when compared with the public record." (Doc. 18 at 2). All three notices appended to Defendant's Motion to Dismiss contain signed statements by City of Peoria police officers suggesting Plaintiff was served with the notices; none contain acknowledgement of receipt by Plaintiff. (Doc. 18-1).

---

[1] Plaintiff alleges in writing at the top of these notices that they "are not my case[s]" and that he has "never been to court" for these particular offenses. (Doc. 17 at 8-9).

3

Generally, if a court considers matters outside of the pleadings, "the motion must be treated as one for summary judgment." Fed. R. Civ. P. (12)(d). However, a court may "take judicial notice of matters of public record," *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991), and it may do so without converting a motion to dismiss into one for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Henson v. CSC Credit Servs.* 29 F.3d 280, 284 (7th Cir. 1994). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests this Court to consider more than simply that these notices exist; Defendant argues that the notices render the Plaintiff's claim implausible because they are evidence that his assertions are untrue. (*See* Doc. 18 at 2). Judicial notice is improper for this purpose. Although the documents could be evidence against Plaintiff's claims, his claim is not inconsistent with them because of the possibility, for example, that Defendant served notice on the wrong individual.[2] Since the issue of whether Plaintiff received notice of the violations is

---

[2] In fact, that may be exactly what happened. The documents Defendant submitted state that at least two of the cases to which Plaintiff's refers when he states these "are not my case[s]," (Doc. 17 at 8-9), were brought against a person born in 1970. (Doc. 18-1 at 1-2). In Plaintiff's Motion to Request Counsel he states that he was born in 1932. (Doc. 11 at 2). One explanation for this discrepancy lies in Plaintiff's initial Complaint, where he provides a list of cases in an attempt to prove malicious prosecution. (Doc. 1-1). Plaintiff lists a case against "Hughes, Helbert Allen," and notes that this is his son. While the Court is not making a finding of fact, it notes this discrepancy for future consideration.

disputed, this Court will not take judicial notice of the documents appended to Defendant's Motion to Dismiss for the purpose of showing that Plaintiff's claim is not plausible.

## II. Plausibility

To survive a motion to dismiss, the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra Health*, 496 F.3d at 776 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Treating all well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, *In re marchFIRST Inc.*, 589 F.3d at 904, and given the relaxed pleading requirements for pro se complaints, *McCormick*, 230 F.3d at 325, Plaintiff's allegations plausibly suggest that he was deprived of federal constitutional rights protected by the Fourteenth Amendment and may therefore be entitled to relief under 42 U.S.C. § 1983.

Section 1983 provides a method for "'vindicating federal rights elsewhere conferred'" and does not independently confer substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Fields v. Wharrie*, 740 F.3d 1107, 1122 (7th Cir. 2014). Rather, the substantive rights come from the Constitution. *Fields*, 740 F.3d at 1122. Plaintiff cites four constitutional provisions that he claims were violated. His Fourteenth Amendment claim is adequately stated, but none of Plaintiff's other bases for relief—that he was deprived of due process rights protected by the Fourth, Fifth, and Sixth Amendments—are plausible based on the allegations in the Amended Complaint.

The Fourth Amendment protects against unreasonable searches and seizures and Plaintiff's Amended Complaint does not allege that a search or seizure occurred. The Fifth Amendment Due Process Clause only applies to the Federal Government and thus does not have bearing on the City of Peoria. Therefore, any claims based on these constitutional provisions must be dismissed.

The Sixth Amendment guarantees certain rights to criminal defendants. It states, *inter alia*, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Plaintiff was accused and found guilty of three municipal offenses in the Peoria County Court allegedly without receiving any notice. It is not clear that Plaintiff has stated a plausible claim under the Sixth Amendment because the Court is unconvinced that the municipal offenses referenced in Plaintiff's Amended Complaint are crimes to which the Sixth Amendment applies. However, since no party has briefed the issue, Plaintiff is not precluded from pursuing this basis for relief if there is legal and factual support for it.

Under the Fourteenth Amendment, however, Plaintiff's allegations plausibly suggest that he is entitled to relief under 42 U.S.C. § 1983. Liability for Fourteenth Amendment due process claims under § 1983 arises when "(1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law." *Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011). Treating Plaintiff's well-pleaded allegations as true, Plaintiff's Amended Complaint plausibly suggests that all three elements for due process claims under § 1983 are met. First, as a municipal corporation, Defendant was

acting under the color of law. Second, Defendant deprived the Plaintiff of a protected property interest when Defendant assessed fines for the violations.

Third, by allegedly failing to notify Plaintiff of the complaints against him before assessing fines and authorizing a debt collector to seek payment, Plaintiff plausibly alleges a deprivation of a property interest occurred without due process of law. The test for what process is due involves consideration of three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see Dupuy v. Samuels*, 397 F.3d 493, 504 (7th Cir. 2005). The fees assessed to Plaintiff are not insubstantial, and Plaintiff's allegations suggest the deprivation occurred without a hearing of any kind. Although the Court will not determine the amount of process that was due without briefing and a fuller record, Plaintiff's allegations indicate some process was required, and none was afforded. Thus, Plaintiff has pleaded a sufficiently plausible allegation that his due process rights under the Fourteenth Amendment were violated.

Plaintiff's allegation that the City of Peoria deprived him of his constitutional rights by assessing fines against him and allowing a debt collector to seek payment of these fines without notice or a hearing states a plausible claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss is denied. The argument that Plaintiff did in fact receive notice of the ordinance violation complaints is better addressed in a motion for summary judgment.

## REQUEST FOR COUNSEL

Plaintiff, in his Response to the Motion to Dismiss, again requests an attorney to help him in this case. The Court will only attempt to recruit counsel on his behalf if he has made reasonable efforts to retain counsel on his own, and if, considering the difficulty of the case, he is unable to litigate the case without counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The Court has previously denied Plaintiff's repeated requests for counsel, but now reconsiders these previous denials.

Plaintiff has previously met the threshold requirement of showing that he has attempted to recruit his own counsel. Thus, the key inquiry is whether he is competent to litigate the case alone. Some of Plaintiff's filings have been quite coherent. His Amended Complaint is typed and clear, and states a claim for relief. However, his Response to the Motion to Dismiss (Doc. 21) shows that Plaintiff has obstacles to litigating his own case that cannot be mitigated with the usual aids to pro se parties, such as reading pleadings liberally and providing plain language explanations in orders. It appears Plaintiff has significant obstacles with reading comprehension and is lacking basic knowledge or cognitive skills to litigate his case. Particularly because this case will now be proceeding to discovery, which can be a complex stage of litigation, Plaintiff needs the assistance of counsel to adequately present his claim in this Court.

Plaintiff's filings suggest that he may have a claim that can quickly and easily be resolved with the assistance of counsel. Because it appears this claim cannot be adequately litigated without counsel, the Court has attempted to recruit

pro bono counsel on his behalf, and has successfully solicited the assistance of Attorney Dorothy Meindok. Counsel in this case should be able to get clarification of the issues and facilitate resolution of the claim.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 18) is DENIED. Pursuant to the Plan for Appointment of Counsel for Indigent Parties in Certain Civil Cases ("Plan"), the Court APPOINTS Attorney Dorothy Meindok to represent Plaintiff Helbert Hughes. Attorney Meindok has agreed to the appointment in this case and she will comply with the Plan and will undertake representation as of the entry of this Order.

Entered this <u>26th</u> day of June, 2014.

        s/ Joe B. McDade
        JOE BILLY McDADE
        United States Senior District Judge